[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13499
Non-Argument Calendar
_____

D. C. Docket No. 07-20562-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARFIELD ALEXANDER HUDNELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2009)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Garfield Alexander Hudnell appeals his conviction for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Specifically, he appeals the district court's denial of his motion to suppress all evidence obtained as a result of the officers' stop and frisk. Hudnell argues that the officers lacked both reasonable suspicion for the stop and a reasonable belief that he was armed and dangerous in order to conduct the frisk.

We review a denial of a motion to suppress as a mixed question of fact and law. *United States v. Briggman*, 931 F.2d 705, 708 (11th Cir. 1991). We review the district court's findings of fact for clear error and the application of law to those facts *de novo*. *Id.* We construe the facts most favorably to the prevailing party, which, in this case is the government. *Id.*

The Fourth Amendment provides that seizures and searches of a person must be justified by probable cause. *See* U.S. Const. amend. IV. In *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), the Supreme Court created an exception to this rule, creating a "distinction between two elements of police work, the stop and the frisk." *United States v. Bonds*, 829 F.2d 1072, 1074 (11th Cir. 1987).

With respect to the stop, the Supreme Court held that "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has reasonable, articulable suspicion that criminal activity is afoot."

*Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S. Ct. 673, 675, 145 L. Ed. 2d 570 (2000) (citing *Terry*, 392 U.S. at 30, 88 S. Ct. 1868). "While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." *Id.* at 123, 120 S. Ct. at 675-76. "The officer must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *Id.* at 123-24, 120 S. Ct. at 676 (quotation omitted). To determine whether an officer has reasonable suspicion we "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 750, 151 L. Ed. 2d 740 (2002).

With respect to the frisk, after an officer legitimately stops an individual, an officer may pat down or frisk an individual so long as "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27, 88 S. Ct. at 1883. Thus, if an officer has a reasonable belief that the individual is armed and presently dangerous, the officer may conduct a pat down. *Bonds*, 829 F.2d at 1074. The standard requires "an objectively reasonable fear based upon specific facts regarding specific

individuals." *Id.* The sole purpose of the frisk is to protect the officers and others nearby. *Id.*

Here, we conclude from the record that the district court did not err by denying Hudnell's motion to suppress. The officers had reasonable suspicion to stop Hudnell based on the unresolved 911 call asking for police assistance, Hudnell's appearance from behind a house that was not his, and Hudnell's attempt to run away upon further questioning. Further, a reasonable officer would believe that Hudnell was armed and dangerous based on the above facts and his silence as to whether he had a weapon. Therefore, we conclude that the officers were justified in frisking Hudnell for their own protection. Accordingly, we affirm Hudnell's conviction.

**AFFIRMED.**